The Chief Justice

delivered the Opinion of the Court,
This Court having, at its autumnal term, 1838, upon the appeal of Richard Wheatly, reversed a decree rendered in his favor against Anne Rice, and remanded the case with instructions to render a prescribed decree, Mrs. Rice, the former appellee, now prosecutes a writ of error to reverse the same decree, and whilst, so far as appears in the record before us, the case is still pending in the Circuit Court under the mandate of this Court.
It seems to us, that the plaintiff in error has no just ground for complaining, as she now does, either of the assessed value of Wheatly’s improvements, (which does not appear to have exceeded the value of ameliora- *272 tions, when the facts are properly scrutinized,) or of the charge of interest on the balance due for ameliorations, after deducting the amount of her judgment for damages against Wheatly, and whilst she or her tenant was enjoying the use of the improvements; or of the non-charge of interest on her judgment for damages, from 1817, when it was rendered, to 1818, when, under her habere facias, she took forcible possession of Wheatly’s improvements ; and the more especially as the Circuit Judge, in decreeing the set-off, inadvertently omitted to notice a credit given on the judgment by the creditor, for one hundred and two dollars ; and which error has never been corrected.
A writ of error will not lie on a decree that is already reversed, upon the appeal of the adverse party. The court, in reversing a decree, notices errors to the prejudice of the appellee, or deft in error, tho’ no cross errors are assigned. And where a decree is reversed, and the cause remanded & pending in the court below, there is no existing decree for a writ of error to apply to.
But if the decree should be deemed ever so erroneous to her prejudice, she cannot now prosecute her writ of error to reverse it. Had this Court affirmed the decree on Wheatly’s appeal and assignment of errors, she might then have prosecuted a writ of error and sought a reversal. But when this Court reversed the decree, and remanded the cause, there was no longer any existing decree of the Circuit Court to be enforced or complained of; and therefore, in that reversal, it was the duty of the Court to notice, without any cross assignment, any error in the decree to the prejudice of the appellee. She cannot, therefore, now prosecute her writ of error to reverse the same decree. If, in any ulterior proceeding or decree in the Circuit Court, under the mandate of this Court, there shall be error to her prejudice she may then complain; but not now of the decree which has been already reversed. Griffith vs Depew et al. (3 A. K. Marshall, 183,) Phelps vs Davis et al. (1 J. J. Marshall, 368.)
Wherefore, the writ of error must be dismissed.