ERASTUS CORNING, JOHN F. WINSLOW, AND JAMES HORNER, APPELLANTS, v. THE TROY IRON AND NAIL FACTORY.

Where the respondent in a chancery suit in the Circuit Court took two grounds of defence, and the judge, in giving his reasons for a decree dismissing the bill, upon one of the two grounds, expressed his opinion that the respondent had not established the other ground, he cannot appeal from this as a part of the decree.

The decree was in the respondent's favor, dismissing the bill with costs, and no appeal lies from an opinion expressed by the judge upon the facts of the case, not affecting the decree.

Moreover, the decree complained of has already been argued before this court upon the appeal of the other party, and both grounds of defence decided to be insufficient, and the decree reversed.   There is, therefore, no such decree as that appealed from.

Besides, the court below has not acted upon the mandate and entered a final decree; therefore there is no final decree to appeal from.

THIS was an appeal from the Circuit Court of the United States for the Northern District of New York, sitting as a court of equity.

It was a branch of the case of Troy Iron and Nail Factory v. Corning et al. reported in 14 How. 193.   The decree of the Circuit Court, now appealed from, is given at page 194.   The bill was originally filed by the Troy Iron and Nail Factory against Corning et al. and the Circuit Court dismissed the bill, but this court reversed that decree.   By reference to page 194, 14 Howard, it will be seen, that the Circuit Court, in its decree, used the following language, viz. "And it appearing to the said court that the said Henry Burden was the first and original inventor

of the improvement on the spike machine in the bill of complaint mentioned, and for which a patent was issued," &c., &c.

Corning et al. being defendants in that suit, and succeeding in having the bill dismissed, did not appeal from the decree; but when the appeal was decided against them by this court, as reported in 14 Howard, they entered an appeal from that part of the decree, which was as follows:

"And that so much or such parts of said decree as declares, orders, adjudges, and decrees, as follows, to wit:—'And it appearing to the said court, that the said Henry Burden was the first and original inventor of the improvement on the spike machine in the bill of complaint mentioned, and for which a patent was issued to the said Henry Burden, bearing date the 2d September, 1840, as in said bill of complaint set forth; and that said complainants have full and perfect title to the said patent for said improvements, by assignment from the said Henry Burden, as is stated and set forth in the said bill of complaint,' — may be reversed, and that the appellants may be restored to all things which they have lost by reason thereof.

This was the appeal now pending,—which *Mr. Stevens* moved to dismiss, filing the following motion:

*Supreme Court of the United States.* — *The Troy Iron & Nail Factory, Appellees,* v. *Erastus Corning, John F. Winslow, and James Horner, Appellants.*

### In Equity.

*State of New York, Northern District, City and County of Albany,* ss.

Samuel Stevens, of Albany, being duly sworn, says that he is of counsel and solicitor for the Troy Iron & Nail Factory, appellees in this court, and one of the solicitors and counsel in the Circuit Court of the United States for the Northern District of New York for the complainant.

That upon the hearing of the said cause in the Circuit Court of the United States for the Northern District of New York, upon pleadings and proofs, a decree therein was pronounced by the said court, which was duly entered by the clerk of the said court on the fourth (4th) day of September, 1850, which is in the words and figures following:

At a special term of the Circuit Court of the United States for the Northern District of New York, in equity, held at the city of Utica in said District on the fourth day of September, one thousand eight hundred and fifty.

Present, the Honorable Samuel Nelson, Justice.

*The Troy Iron and Nail Factory,* v. *Erastus Corning, John. F. Winslow, and James Horner.*

## In Equity.

This cause having been heretofore brought to a hearing upon the pleadings and proofs, and counsel for the respective parties, having been heard and due deliberation thereupon had, and it appearing to the said court that the said Henry Burden was the first and original inventor of the improvement on the spike machine in the bill of complaint mentioned, and for which a patent was issued to the said Henry Burden, bearing date the 2d September, 1840, as in said bill of complaint set forth, and that the said complainants have a, full and perfect title to the said patents for said improvements by assignment from the said Henry Burden, as is stated and set forth in the said bill of complaint.

But it also further appearing to the court, on the pleadings and proofs, that the instrument in writing bearing date the 14th October, 1845, stated and set forth in the said bill of complaint, and also in the answer of the said defendants thereto, entered into upon a settlement and compromise of certain conflicting claims between the said parties, and among others of mutual conflicting claims to the improvements in the spike machine, in said bill mentioned, and when said instrument was executed by the said Henry Burden of the one part, and the said defendants of the other, the said Henry Burden at the time being the patentee and legal owner of the said improvements, and fully authorized to settle and adjust the said conflicting claims, did, in legal effect and by just construction, impart and authorize and convey a right to the defendants to use the said improvements in the manufacture of the hook-headed spike, without limitation as to the number of machines so by them to be used, or as to the place or district in which to be used.

Therefore it is ordered, adjudged, and decreed, that the said bill of complaint be, and the same is hereby, dismissed, with costs to be taxed, and that the defendants have execution therefor.

That on the twenty-second day of October, 1850, the said complainant appealed from the said decree to this court, which appeal was duly allowed by Mr. Justice Nelson, one of the justices of said court, and that afterwards, to wit, in the December term of this court, 1852, the said cause upon the said appeal and upon the record returned to this court by the said clerk of the said Circuit Court of the United States for said Northern District, came on to be heard and was argued, whereupon this court pronounced a decree in the words and figures following, to wit:

*United States of America*, ss.

The President of the United States of America to the Honorable the Judges of the Circuit Court of the United States for the Northern District of New York;

Greeting: Whereas lately in the Circuit Court of the United States for the Northern District of New York, before you or some of you, in a cause between the Troy Iron and Nail Factory, complainants, and Erastus Corning, John F. Winslow, and James Horner, defendants, in chancery, the decree of the said Circuit Court was in the following words, to wit:

Therefore, it is ordered, adjudged, and decreed; that the said bill of complaint be, and the same is hereby, dismissed, with costs to be taxed, and that the defendants have execution therefor, as by the inspection of the transcript of the record of the said Circuit Court, which was brought into the Supreme Court of the United States by virtue of an appeal, agreeably to the act of Congress, in such case made and provided, fully and at large appear.

And whereas in the present term of December, in the year of our Lord one thousand eight hundred and fifty-two, the said cause came on to be heard before the said Supreme Court on the said transcript of the record, and was argued by counsel, on consideration whereof it is now here ordered, adjudged, and decreed by this court, that the decree of the said Circuit Court in the cause be, and the same is hereby, reversed, with costs, and that the said complainants recover against the said defendants, three hundred and sixty dollars and forty-two cents for their costs herein expended and have execution therefor.

And it is further ordered that this cause be and the same is hereby remanded to the said Circuit Court with instructions to enjoin the defendants perpetually from using the improved machinery with the bending lever for making hook and brad-headed spike, patented to Henry Burden, the 2d September, 1840, and assigned to the complainants, as set forth in complainants' bill, and to enter a decree in favor of the complainants for the use and profits thereof, upon an account to be stated by a master under the direction of the said Circuit Court, as is prayed for by the complainants, and for such further proceedings to be had therein, in conformity to the opinion of this court, as to law and justice may appertain.    January 18.

You therefore are hereby commanded that such execution and further proceedings be had in said cause, in conformity to the opinion and decree of this court, as according to right and justice and the laws of the United States ought to be had, the said appeal notwithstanding.

Witness, the Honorable ROGER B. TANEY, Chief Justice of

said Supreme Court, the first Monday of December in the year of our Lord one thousand eight hundred and fifty-two. [L. S.]

And deponent further says that afterwards and on the 28th day of June, 1853, the said decree of this court was, by the said Circuit Court for said Northern District of New York, made the decree of said Circuit Court, which last-mentioned decree is in the words and figures following, to wit:

At a term of the Circuit Court of the United States for the Northern District of New York, held at the court-house in the village of Canandaigua, on the 28th day of June, 1853.

Present: The Honorable Samuel Nelson, Nathan K. Hall, Judges.

### The Troy Iron and Nail Factory v. Erastus Corning, James Horner, and John H. Winslow.

#### IN EQUITY.

The above named, the Troy Iron and Nail Factory, the complainants in the above entitled suit, having duly appealed to the Supreme Court of the United States from that part of the decree made in this suit, which dismissed the bill of complaint herein with cost to be taxed, and the said Supreme Court of the United States having duly heard the said appeal at the December term, 1852, upon the transcript of the record, and having reversed the said decree of the Circuit Court of the United States for the Northern District of New York, with costs, and having ordered, adjudged, and decreed that the said complainants recover against the said defendants three hundred and sixty dollars and forty-two cents for their cost in said Supreme Court and that they have execution therefor: the said Supreme Court having remanded the said cause to the said Circuit Court with instructions to enjoin the defendants perpetually from using the improved machinery with the bending lever for making hook or brad-headed spikes, patented to Henry Burden the 2d September, 1840, and assigned or transferred to the complainants, as set forth in complainants' bill, and to enter a decree in favor of the complainants for the use and profits thereof, upon an account to be stated by a master under the direction of the said Circuit Court, as is prayed for by the said complainants in their bill of complaint, and for such further proceedings to be had thereon, in conformity to the opinion and decree of the said Supreme Court as to law and justice may appertain, which order, decree, and instructions appear to this court by the mandate of the said Supreme Court:

Now, therefore, on filing the said mandate, and in pursuance

thereof, and after hearing *Mr. Stevens,* for the said complainants, and *Messrs. Seymour* and *Seward,* for the defendants, it is ordered, adjudged, and decreed, and this court, by virtue of the power and authority therein vested, and in obedience to the said mandate, doth order, adjudge, and decree, that the instrument in writing, bearing date the 14th day of October, 1845, stated and set forth in the pleadings in this cause, executed by the said Henry Burden and the said defendants, did not, in legal effect or otherwise, or by just construction, license, impart, authorize, or convey a right to the said defendants to use the said improvements in the manufacture of the hook-headed spikes, by the machinery mentioned in the said bill of complaint, or any rights secured to the said Henry Burden by the said letters-patent, and assigned or transferred to the said complainants, as aforesaid.

And it is further adjudged and decreed, that the said defendants have infringed and violated the said patent, so granted to the said Henry Burden, as aforesaid, by making and vending the said hook-headed spikes by the said machinery patented to the said Burden on 2d September, as aforesaid.

And it is further adjudged and decreed, that the said defendants do account to the said complainants for the damages or use and profits, in consequence of the said infringements by the said defendants.

And it is further adjudged and decreed, that an account of the damages, or use and profits, be taken and stated by Marcus T. Reynolds, Esq., counsellor at law, as master of this court, *pro hac vice,* and that the defendants attend before the said master, from time to time, under the direction of the said master, and that the said complainants may examine the said defendants under oath as to the several matters pending on the said reference, and that the said defendants produce before the said master, upon oath, all such deeds, books, papers, and writings, as the said master shall direct, in their custody or under their control, relating to said matters, which shall be pending before said master.

And it is further ordered and decreed, that a perpetual injunction issue out of and under the seal of this court, against the said defendants, commanding them, their attorneys, agents, and workmen, to desist and refrain from making, using, or vending any machine containing the new and useful improvement for which letters-patent were granted to the said Henry Burden on the second day of September, 1840, and from in any manner infringing or violating any of the rights or privileges granted or secured by said patent.

And it is further ordered, that the said complainants recover

of the said defendants the damages or use and profits which shall be reported by the said master, and that upon the confirmation of his report or decree, be entered against the defendants therefor, and also for the costs of the complainants in this suit in this court, and that the said complainants have execution therefor and for the costs in the said Supreme Court.

And it is further ordered and decreed, that such other proceedings be had herein, in conformity to the opinion of the said Supreme Court, as to law and justice may appertain, and that the parties and master may apply, upon due notice, to this court, upon the foot of this decree, for such other and further orders, instructions, and directions, as may be necessary.

(A copy.)                                    A. A. BOYCE, *Clerk.*

And deponent further says, that on the fifth day of October, 1853, the solicitor for the defendants served upon Henry Burden, the president of the said complainants, a petition of appeal and a citation thereon, in the words and figures following:

*To the Supreme Court of the United States of America:*

The petition of Erastus Corning, John F. Winslow, and James Horner, respectfully represents, that a decree was lately made in the Circuit Court of the United States for the Northern District of New York, in equity, bearing date the fourth day of September, 1850, in a certain cause pending in said court, wherein The Troy Iron and Nail Factory were complainants, and your petitioners were defendants, certain parts of which decree, as hereinafter specified, are, as your petitioners are advised, erroneous, and ought to be reversed.

And your petitioners further show, that the matters in dispute in said cause, exclusive of costs, exceed the sum of two thousand dollars. Whereupon your petitioners pray that the said decree, together with the pleadings, depositions, and all other proceedings in said cause, may be sent to the said Supreme Court of the United States and filed therein on the first Monday of December next, and that so much or such parts of said decree as declares, orders, adjudges, and decrees as follows, to wit: "And it appearing to the said court that the said Henry Burden was the first and original inventor of the improvement on the spike machine in the bill of complaint mentioned, and for which a patent was issued to the said Henry Burden, bearing date the 2d September, 1840, as in said bill of complaint set forth, and that the said complainants have a full and perfect title to the said patent for said improvements, by assignment from the said Henry Burden, as is stated and set forth in the

said bill of complaint, may be reversed, and that the appellants may be restored to all things which they have lost by reason thereof. DANIEL L. SEYMOUR, *Solicitor for Appellants.*
Dated Troy, Sept. 8, 1853.

*By the Honorable Samuel Nelson, one of the Judges of the Circuit Court of the United States for the Northern District of New York.*

Whereas, Erastus Corning, John F. Winslow, and James Horner, lately filed in the Circuit Court of the United States for the Northern District of New York, a petition of appeal directed to the Supreme Court of the United States of America, stating that a decree was lately made in the Circuit Court of the United States for the Northern District of New York in Equity, bearing date the 4th day of September, 1850, in a certain cause therein pending, wherein the Troy Iron and Nail Factory were complainants, and Erastus Corning, John F. Winslow, and James Horner, were defendants, certain parts of which said decree are alleged to be erroneous and ought to be reversed, and further, stating that the matters in dispute in said cause, exclusive of costs, exceeded in value the sum of two thousand dollars;

And whereas the said Erastus Corning, John F. Winslow, and James Horner, by their said petition prayed that the said decree, together with the pleadings, depositions, and all other proceedings in said cause may be sent to the said Supreme Court of the United States, and filed therein on the first Monday of December next, and that the said parts of said decree may be reversed, and the said appellants restored to all things which they have lost by reason thereof;

You are therefore hereby cited to appear before the said Supreme Court of the United States at the City of Washington, on the first Monday of December next, to do and receive what may appertain to justice to be done in the premises.

Given under my hand, in the Circuit Court of the United States for the Northern District of New York, the 23d day of September, 1853. S. NELSON.

And deponent further says, that he has been informed and believes that the record and proceedings in said appeal have been duly filed with the clerk of this court.

SAMUEL STEVENS.
Sworn before me this 16th day of November, 1853.
LEONARD KIP,
*Master and Examiner in the Circuit Court of the Northern District of New York*

*Supreme Court of the United States.*

*The Troy Iron and Nail Factory* v. *Erastus Corning et al.*

IN EQUITY.

SIR,—Be pleased to take notice that upon the pleadings, papers, and proceedings in this cause in the Circuit Court of the United States for the Northern District of New York, and upon the record, and proceedings returned to this court by the clerk of said Circuit Court on the appeal by the complainant to this court, and upon the affidavit hereto annexed, and copy of which is herewith served upon you,— this honorable court will be moved at the next term thereof to be held at the Capitol, at the City of Washington, District of Columbia, on the first Monday of December next, at the opening of the court on that day, or as soon thereafter as counsel can be heard for a rule or order dismissing the appeal of the defendants to this court of or such other and further rule or order as may be agreeable to equity.

*Albany, November 9th,* 1853.

SAMUEL STEVENS, *Solicitor for Complainants.*
To D. L. SEYMOUR, *Defendants' Attorney.*

Upon this motion to dismiss the appeal, the cause was taken up.

It was argued by *Mr. Stevens* and *Mr. Johnson,* for the motion, and *Mr. Seymour* and *Mr. Seward* against it.

*Mr. Stevens,* in support of the motion to dismiss, made the following points:

The only ordering part of the decree—the only judgment pronounced by the court below—was a decree dismissing the complainants' bill, with costs; from that decree the complainants duly appealed to this court, which decree was reversed, and a decree ordered according to the prayer of the bill, which was duly entered in the Circuit Court, before the defendants made the present appeal.

Preceding the ordering part of the decree, certain recitals were made by the Circuit Court, showing the reasons or grounds upon which that court pronounced the ordering part of the decree.

It is from the recitals preceding the decree in this cause, and not from the decree, that this appeal has been made.

The complainants, the respondents to this appeal, now move to quash or dismiss it upon the following grounds:

*First.* This court has appellate jurisdiction only upon appeals from final judgments or decrees of the Circuit Court. 1 United States Statutes at Large, p. 84, § 22.

The ordering part of a decree is the only final decree or judgment of the court.

The preliminary recitals preceding the ordering part of the decree, is no part of the decree or judgment of the court.

Such recitals are simply the reasons or grounds of the decree.

Those reasons or grounds of the decree cannot be appealed from. A party might as well claim to appeal from the opinion of the court, as from a synopsis of the opinion which constitutes the recitals upon which the ordering part of the decree is based.

The only decree in this case was a decree dismissing the complainants' bill, with costs. Seaton's Forms of Decrees, pp. 8, 9.

From the whole of that decree the complainant appealed, the whole of which decree was reversed by this court at its last term, and the Circuit Court was ordered by the mandate of this court to enter a decree in said cause, according to the prayer of complainant's bill, and such decree was entered by the said Circuit Court, at the June term thereof, 1853, in compliance with said mandate of this court.

The defendants cannot have that decree of this court reviewed or altered by an attempt to appeal from the reasons upon which the Circuit Court pronounced its decree.

*Second.* But if the recitals preceding the ordering part of the decree of the Circuit Court could be appealed from, the defendants should have brought a cross appeal, which would be heard by this court with, and at the same time of, the original appeal, and one decree only would be pronounced by the appellate court. 1 Barbour's Ch. Prac. 397; Uguart's Prac. in House of Lords on Appeals and Writs of Error, pp. 37–40; Palmer's Prac. in House of Lords on Appeals and Writs of Error, p. 33; Hawley *v.* James, 16 Wend. 85–274; Mapes *v.* Coffin, 5 Paige's Rep. 296.

A party cannot have a decree of the Circuit Court reviewed by this court two, three, or more times, by appealing from different parts of the decree at different times. Every ground which he might have urged on the hearing of the first appeal, will be deemed to have been made by him, or if not made, to have been abandoned. The Santa Maria, 10 Wheat. Rep. 443–4; Ex parte Sibbald, 12 Peters's Rep. 488.

This attempt at an appeal by the defendants from the reasons of the decree, is analogous to an application to this court for a rehearing upon the original appeal, which is never granted after the cause has been remitted to the Circuit Court. McArthur *v.* Browder, 4 Wheat. Rep. 488.

*Third.* The decree of the Circuit Court entered in this cause on the 4th September, 1850, was reversed by this court at its December term, 1852, and the proceedings were remitted to the Circuit Court, and that court, at its June term, 1853, entered a new decree, in pursuance of, and in compliance with, the mandate of this court. Therefore, on the 5th of October, 1853, the date of defendants' present appeal, there was no such decree of the Circuit Court as that entered by said court, of the 4th of September, 1850, from parts of which the defendants claim to appeal.

*Fourth.* The only decree existing in the Circuit Court in this cause, since its June term, 1853, is an interlocutory, and not a final decree, and cannot be appealed from. Kane *v.* Whittick, 8 Wend. Rep. 219; 9 Peters's Rep. 1; 15 Id. 287.

Appeals from the Circuit Court to this court can only be from final decrees or judgments. 1 United States Statutes at Large, p. 84, § 22.

*Mr. Seymour* and *Mr. Seward* opposed the motion to dismiss the appeal, upon the following grounds:—

I. The decree of the Circuit Court, made on 4th September, 1850, disposed of the whole cause on the merits, and was, therefore, a final decree, and an appeal may be taken from it. See act of Congress, March 3, 1803. By this act, an appeal to the Supreme Court is given "from all final judgments or decrees rendered, or to be rendered, in any Circuit Court." See also act 24th February, 1789; the San Pedro, 2 Wheaton, 132; see act of 1819, (3 United States Statutes at Large, p. 481, chap. 19); see Patent act of 1836, § 17, (5 United States Statutes at Large, p. 124); Laws United States Courts, 117, 118, 119. This last act enlarges the right of appeal in patent cases. It gives the court a discretion to allow the appeal in cases other than those already provided for by law. The appeals authorized by this law are only allowed from a final decree in United States courts. Patterson *v.* Gaines and others, 6 Howard, 585.

A decree dismissing a bill is a final decree. 2 Daniel's Chancery Pleading and Practice, Perkins's ed. pp. 1199, 1200; McCollum *v.* Eager, 2 Howard, 64.

The decree, therefore, of the Circuit Court, in this cause, may be appealed from, under the acts of Congress aforesaid.

II. This decree consists of three parts: the introductory part; the part declaring the rights of the parties, as this does of the complainants; and another part ordering or directing a thing or things to be done. See 2 Daniel's Chancery Pleading and Practice, Perkins's ed. pp. 1210 to 1214, as to the forms of decrees. The rules of this court do not allow of recital. See rule

85; so, too, Stat. 3 and 4 William IV., cited in 2 Daniel's Pr. 1212; Seaton's Decrees, 159. It declares the right of complainants to the patent-right, and the right of the defendants to use the patented machinery, under the agreement of October 14, 1845.

This decree proceeds and adjudges and determines two important matters of defence which had been distinctly set up in the pleadings, and upon which much testimony had been given, to wit:

*First.* " That the said Henry Burden was the first and original inventor of the improvement on the spike machine in the bill of complaint, mentioned, and for which a patent was issued to the said Henry Burden, bearing date the 2d day of September, 1840, as is in said bill of complaint set forth."

*Second.* " That the said complainants have a full and perfect title to the said patents for said improvements, by assignment from the said Henry Burden, as is stated and set forth in the said bill of complaint."

These portions of the decree are final decisions on the merits of the case, giving to the complainants the full and complete title to the machinery; a vital point, which, if decided for the defendants, decides the whole case for them; no matter what may be the decision as to the agreement of October 14, 1845.

An appeal will lie from the decision of the Court, upon either or both of these contested points. 3 Daniel's Ch. Pr. 1606.

III. Even if the adjudication contained in the decree of the originality of the invention in question, and of the complainants' title to the patent, need not have been inserted in the decree, yet they were inserted by the Circuit Court, upon the special motion of the complainants, and against the opposition of the defendants, who should therefore not be prejudiced by it. See affidavits read on this motion by the defendants.

IV. The appeal by the complainants brought up only the questions decided to their prejudice. Buckingham *v.* McLean, 13 Howard, 150, 151.

The equity practice of the Supreme Court of the United States is regulated by the laws of the United States, the rules of the court, and in the absence of any provision in them applicable to a given case, by the practice of the English High Court of Chancery. Rule 90, Supreme Court. The State of Rhode Island *v.* The State of Massachusetts, 14 Peters, 210; Bein *v.* Heath, 12 Howard, 168; Dorsey *v.* Packwood, 12 Howard, 126.

By the practice, both of the American and the English Courts of Chancery, this is a proper case for a cross appeal to be brought by defendants. 1 Turner and Venable's Chancery Practice, 733, edit. 1835; 2 Smith's Chancery Practice, p. 31, edit. 1837;

3 Daniel's Ch. Practice, 1685, 1688, 1606; Blackburn v. Jepson, 2 Vesey & B. 359; Hawley v. James, 16 Wendell's R. 61, 85; Mapes v. Coffin, 5 Paige, 296; Clowes v. Dickinson, 8 Cow. 330.

V. The present is the proper time to bring it.

1. The decree of the Circuit Court being final, the laws of March 3, 1803, and of 1819 and 1836, give an unrestricted and unqualified right of appeal to either party for five years.

2. Because an appeal now taken from the latter decree would bring up for review only the proceedings subsequent to the mandate. The Santa Maria, 10 Wheat. 31; Ex parte Sibbald, 12 Pet. 488.

There is no rule of the Supreme Court adopting the rules of the House of Lords.

VI. The decision of this court, on the appeal of the complainants, affects only the part of the decree complained of by them, to wit, the construction of the agreement of October 14, 1845; and, while the declaratory parts of the decree of the Circuit Court, in favor of the complainants, remain unreversed, the right to sustain their bill for a perpetual injunction, and to recover damages, followed as a consequence, from the construction given by this court to the agreement of October 14, 1845.

VII. The defendants are entitled to an appeal at some time within five years from the decision of the Circuit Court against them, on the validity of the patent in question. Now, if the complainants' position is true, that nothing is appealed from but the order directing the bill to be dismissed, these defendants have not now, and never have had, an opportunity to appeal at all; because that decree was in their favor, and a party cannot appeal from a decree in his own favor.

It is a mere subtlety to say that because the decree, deciding the validity of the patent and the title of the complainants in their favor, ordered no relief; but, on the contrary, for a different reason, directed their bill to be dismissed, that, therefore, the decision of the validity of the patent and the title of the complainants is mere recital, and not a substantial part of the decree, and proper subject of an appeal. The test is this: Are the validity of the patent and the title of the complainants now open to dispute by the defendants in the Circuit Court? Certainly they are not. But, according to the complainants, those points are not open to appeal; so that a decision on a vital point against the defendants is not the subject of appeal at all.

Again. If what the complainants allege is correct, that there is no decree now remaining in the court below but the decree which is entered on the mandate; and, also, that, on appeal

from that decree so entered on the mandate, the party aggrieved can review only the proceedings subsequent to that decree, then it results that the defendants can have no appeal at all from a decree in which the material issue upon the invention is found against them by the court below.

Again. In answer to this, it is said that, on the appeal brought by the complainants upon the issue as to a license found against them, the defendants were at liberty to fall back, and contest the issue of the invention found against them; but, in reply, we say that, by the rules of courts of equity, as well as by statute, it is optional to the defendants whether they will so fall back, and contest the issue found against them on the hearing of the appeal of the complainants, or whether they will bring their own distinct appeal.

VIII. The respondents' motion should be denied.

Mr. Justice GRIER delivered the opinion of the court.

The Troy Iron and Nail Factory filed their bill in the court below, claiming to be assignees of a patent granted to Henry Burden, for a "new and useful improvement in the machinery for manufacturing wrought nails or spikes." The bill charges, that the appellants, Corning & Company, have infringed their patent, and prays for an injunction and an account of profits, &c. The answer of the respondents below took defence on two grounds — first, that Burden was not the first and original inventor of the machine patented; and, secondly, that the respondents used their machine under a license from the patentee. The court below sustained the defence on the latter ground, and entered the following decree: " Therefore, it is ordered, adjudged, and decreed, that the said bill of complaint is hereby dismissed, with costs to be taxed, and that the defendant have execution therefor."

The case is now before us on a motion to dismiss the appeal. Looking at the case as exhibited to us by the record, it appears to be an appeal by respondents from a decree dismissing the complainant's bill with costs. It often happens that a court may decree in favor of a complainant, but not to the extent prayed for in his bill, and he may have just cause of appeal on that account. But the prayer of the respondent's answer is, that " he be hence dismissed, with his reasonable costs and charges, on this behalf most wrongfully sustained." And, having such a decree on the present case, he cannot have a more favorable one.

It is true that the petition for the appeal in this case prays only, " that so much of such parts of said decree, as declares, orders, adjudges, and decrees as follows, to wit, " And it appear-

ing to the said court that the said Henry Burden was the first inventor of the improvement, &c., may be reversed, and that the appellants may be restored to all things which they have lost by reason thereof."

But the matter complained of forms no part of the decree of the court below.

It shows only, that the judge, in reciting the inducement or reasons for entering a decree in favor of the respondents below, was of opinion that they were entitled to such decree, because they had succeeded in establishing one only of the two defences alleged in their answer. It is the opinion of the court, on a question of fact involved in the case, but not affecting the decree. If the decree be correct, the party in whose favor it is given, has no right to complain; yet his appeal prays that it "may be reversed, and the appellants restored to all things which they have lost by reason thereof;" and the record shows they have lost nothing.

If the decree be reversed, according to the prayer of the appellants, the court must necessarily enter a decree for the complainants below. This would, probably, not meet the views of the appellants. They have put themselves in the anomalous position either of asking for the affirmance of the decree from which they have appealed, or of requesting this court to reverse a decree in their favor, and send back the record to the court below, with directions to enter the very same decree, but to assign other reasons for it. The court were not bound to give any reasons for their decree. The law gives the party aggrieved an appeal from a final decree of an inferior court. But it does not give the party who is not aggrieved an appeal from a decree in his favor because the judge has given no reasons, or recited insufficient ones for a judgment admitted by the appellant to be correct.

There is a part of the history of this case which does not appear on the record; but, being known to the court, and assumed by counsel on both sides to make part of the case, it will be necessary to notice the case under that aspect.

The decree in favor of the appellants, which is now appealed from, has already been before this court on an appeal by the complainant below. The parties were then fully heard, the decree of the Circuit Court reversed, and the case remanded for further proceedings. It is reported in 14 Howard, 194. It appears, therefore, that there is no such decree as that which is now complained of. The decree of the Circuit Court has been entirely annulled, reversed, and set aside by this court. Before that was done, the appellants had a full hearing on every point of defence set up in their answer. The court below had de-

cided that the defendant had a good defence under his plea of license, but not under the plea that Burden was not the first inventor of the patented machine. This court has decided, that the appellant's defence was insufficient on both pleas. The language of the court is, (14 How. 208,) "That the defendants have failed to prove that Burden was not such first inventor; and, in our opinion, the evidence given by them on that point rather serves to establish the originality of the invention than to impair it. The appellants stand upon the patent, as the first which was granted for the bending lever; and they may well do so, until other evidence than that in this record shall be given to disprove its originality."

It is plain, therefore, that, under the guise of an appeal from the decree of the Circuit Court, this is an appeal, in fact, from the decision of this court. For there is no other decree existing in the case except the decree of this court. There must be an end of litigation some time. To allow a second appeal to a court of last resort, on the same questions which were open to dispute on the first, would lead to endless litigation. It is said by this court, in Martin v. Hunter, (1 Wheat. 355,) "A final judgment of the court is conclusive upon the rights which it decides, and no statute has provided any process by which this court can revise its judgment." See, also, Sibbald v. United States, 12 Pet. 488. It follows, therefore, that, when a complainant has a decree in his favor, but not to the extent prayed for in his bill, and the respondent appeals; if the complainant desires a more favorable decree, he must enter a cross appeal, that, when the decree comes before the appellate court, he may be heard. For, when the decree is either affirmed or reversed by the appellate court, it becomes the decree of that court, and cannot be the subject of another appeal. But, in this case, where the decree of the court below dismissed the bill, no appeal by the respondent was necessary. He had a full opportunity to urge every defence set up in his answer. The printed arguments show that the defence, for want of originality in the patent, was relied upon as a ground for affirming the decree of the court below, and, as we have already shown, was distinctly passed upon and overruled by this court.

A second appeal lies only when the court below, in carrying out the mandate of this court, is alleged to have committed an error. But, on an appeal from the mandate, it is well settled, that nothing is before the court but the proceedings subsequent to the mandate. Whatever was formerly before the court, and was disposed of by its decree, is considered as finally disposed of. See Himely v. Rose, 5 Cranch, 313; Canter v. The Ocean Insurance Company, 1 Peters, 511; The Santa Maria, 10 Wheat. 431; Rice v. Wheatly, 9 Dana, 272.

Moreover, as it is admitted that the court below have not yet acted upon the mandate of this court, and entered a final decree in pursuance thereof, there is no final decree, from which only an appeal can be taken. See the Palmyra, 10 Wheat. 502 ; Chace v. Vasquez, 11 Id. 429.

There are, therefore, three conclusive reasons for dismissing the present appeal:

1. The appellants have already been heard in this court on a former appeal.

2. There is no such decree as that from which the appeal purports to be taken.

3. There is no final decree in the case, from which an appeal can be taken.

The appeal is therefore dismissed.

### Order.

This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the Northern District of New York, and was argued by counsel. On consideration whereof, it is now here ordered, adjudged, and decreed by this court, that this cause be, and the same is hereby, dismissed, with costs.