Paul M. STRICKLAND, Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD, Respondent.

Appeal No. 84–1344.

United States Court of Appeals, Federal Circuit.

Nov. 23, 1984.

Nies, Circuit Judge, joined, except in reversing Board's decision on untimeliness.

1. In view of this disposition it is not necessary to address the issue of post-judgment affidavits.

Paul M. Strickland, pro se.

Rita S. Arendal, Washington, D.C., for respondent.

Before BALDWIN, MILLER, and NIES, Circuit Judges.

PER CURIAM.

This appeal is from the decision of the Merit Systems Protection Board (MSPB or board), Docket No. DE34438210274, dismissing as untimely petitioner's petition for review of an MSPB initial decision. 20 M.S.P.R. 213. We reverse the dismissal based on untimeliness and affirm the initial decision dismissing the appeal of the agency action.

*Background*

Paul M. Strickland, a seasonally employed maintenance man with Minerals Management Service, Department of the Interior (agency), was placed on a nonduty, nonpay status on September 15, 1982. He filed a timely petition for appeal with the board's Denver Regional Office alleging that he had been furloughed without benefit of reduction-in-force (RIF) rights and in retaliation for whistleblowing activities. The petition named Charles W. Carter as his representative. On September 21, 1982, the Regional Director issued an order serving the agency with the petition and informing the parties of board procedure. The docket identification in the order's caption read "CASE NO. DE07528210274." Subsequent correspondence from the parties referenced this case number, as did

two additional orders from the regional office of the board.

In a November 9, 1982 initial decision, designated "Case No. DE34438210274," the presiding official held that the board had no jurisdiction over the appeal. The presiding official determined that the agency's action could not be deemed an adverse action "furlough" under 5 U.S.C. § 7511(a)(5), nor give rise to RIF appeal rights because the petitioner was a seasonal employee who was placed in a nonduty, nonpay status in accordance with conditions established and agreed to by petitioner at the time of his employment. Further, the presiding official said that allegations of prohibited personnel practices, such as whistleblowing activities, could not confer appellate jurisdiction upon the board. Under a heading entitled "FURTHER REVIEW RIGHTS" the first paragraph read:

This is an initial decision. It will become a final decision of the Merit Systems Protection Board on DEC 14 1982 unless a petition for review is filed with the Board or the Board reopens the case on its own motion.

On December 13, 1982 (i.e., one day before the 35 day time period for seeking review by the full board was to end), petitioner's representative wrote to the presiding official stating:

I am somewhat confused as to what case the initial decision refers to. Are there two separate cases or has Case No. DE07528210274 been changed to Case No. DE34438210274? I, therefore, request clarification so I may properly represent Mr. Strickland.

We see no indication in the record that the MSPB responded. By letter of January 12, 1983, petitioner appealed "the case of *Paul M. Strickland v. Department of the Interior,* cited as Case No. DE34438210274." The attached certificate of service contained a printed line for the case number on which was typed "DE34438210274 (DE07528210274)." On January 19, 1983, the MSPB notified petitioner that his petition for review did not appear to have been timely filed in accordance with 5 C.F.R.

§ 1201.115, but informed him that he could submit written argument showing good cause under § 1201.113(d) for the apparent untimely filing. In a January 26, 1983 letter, petitioner said:

> The Board failed to respond to Appellant's request for full clarification of 12/13/82, in regard to Case Numbers and initial decisions. The Board initially accepted Appellant's appeal of 9/15/82 as Case Number DE07528210274, but then rendered an initial decision on Case No. DE34438210274. Thus, no initial decision has yet to be rendered on case DE07528210274, nor does appellant have any knowledge of clarification thereof.

Finally, on April 2, 1984, the board issued its opinion and order dismissing as untimely the petition for review. The board reviewed three of the excuses advanced by petitioner to show good cause, and rejected each. The board opinion does not mention the point raised by petitioner that he was confused by the case number designated in the presiding official's initial decision.

Respondent now explains that the case was originally docketed as DE07528210274 but was later changed to DE34438210274 to designate an action not within the jurisdiction of the board. Although noting that the board itself was confused by the case number in handling a motion involving other cases in which the petitioner was a party, respondent rather casually argues that neither the case number change nor the excuses discussed in the board's opinion established good cause for waiving the time limit. We note that petitioner, acting pro se in his appeal to us, filed an informal brief.[1]

## OPINION

 Timeliness of a petition for review and extension for good cause are matters committed to the board's discretion. *Sheeran v. MSPB*, 746 F.2d 806 (Fed.Cir. 1984); *Phillips v. United States Postal Service*, 695 F.2d 1389, 1390–91 (Fed.Cir. 1982); 5 C.F.R. § 1201.113(d) (1984). We reject respondent's argument relating to the case number change and hold that the board abused its discretion in not extending the 35 day time limit. This case is unlike *Sheeran, Phillips*, and *Hopkins v. MSPB*, 725 F.2d 1368 (Fed.Cir.1984). In those cases, this court concluded that the board had not abused its discretion in refusing to waive the regulatory time limit where a petitioner's attorney had lacked diligence in timely appealing or at least in properly securing an extension of time. Here, the change in case number first appeared (without any explanation) on the initial decision, the very decision from which petitioner had to file his petition for review. Under the circumstances, this case number change went to the heart of petitioner's right to seek review. Petitioner had review of other cases (with different docket numbers) pending before the board. And, although the MSPB office changed the docket number, the board never realized that there had been a case number change, never grasped that petitioner was raising the issue, and, of course, never addressed the issue in its decision on timeliness.

Even though we determine that dismissing the petition for untimeliness was error, the board could have decided that the petition should have nevertheless been denied for failing to meet either of the grounds stated in 5 C.F.R. § 1201.115 (1984). Thus, we do not say that the board should have necessarily granted the petition.

Respondent also argues that judicial review by this court of the initial decision is barred. Respondent's premise is that the initial decision became final on December 14, 1982 (at the end of the 35 day time limit). Thus, the argument runs, because the petitioner had only 30 days thereafter to seek judicial review, but did not file an appeal until May 7, 1984, the appeal was untimely. We reject the premise and the conclusion.

---

1. We deny petitioner's request to "transfer" this case to the United States District Court for the District of Colorado. There simply is no basis for such a transfer.

■ Finality of an initial decision is governed by 5 C.F.R. § 1201.113.[2] We hold that where, as here, the board erred in dismissing the petition for review, the dismissal should be treated as a denial under subsection (b)—i.e., the initial decision became final five days after the board issued its dismissal. Fairness compels the result, otherwise, a person in petitioner's position could find himself barred from obtaining any review of an initial decision through no fault of his own.[3]

■ The board issued its opinion and order dismissing the petition on April 2, 1984. Thus, the initial decision became final on April 7. The critical date for determining timely appeal to this court, however, is the date petitioner received the board's opinion and order. *See* 5 U.S.C. § 7703(b)(1). Petitioner received the opinion and order on April 10 and filed his notice of appeal in this court on May 7; therefore, appeal was timely.

■ Although in the usual case remand to the board would be appropriate, we reach the merits of the initial decision. We do so because the board might have denied review of the initial decision based on 5 C.F.R. § 1201.115 in any event, and, in reviewing timeliness, we have considered the entire record which the board would have reviewed had it entertained the petition for review. *Cf. Ballentine v. MSPB,* 738 F.2d 1244, 1245 (Fed.Cir.1984).

■ The presiding official found, and the record shows, that petitioner was hired by the agency as a seasonal employee and signed a statement accepting the conditions of his employment. The statement stated in part:

> At certain times during each year your services will not be required because of lack of work, lack of funds, weather conditions, or other reasons administratively warranted by management considerations. During these periods you will be placed in a nonwork, nonpay status.

Petitioner, being placed in a nonduty, nonpay status, contends that he is entitled to appeal to the MSPB under the RIF regulations because the agency's action constituted a furlough. We hold otherwise.

Placing a seasonal employee in a nonduty, nonpay status in accordance with conditions established at the time of employment is not an adverse action "furlough" under 5 U.S.C. § 7511(a)(5) and does not give rise to the adverse action procedures of 5 U.S.C. § 7513. *See* 5 C.F.R. § 752.401(c)(10) (1984). This rule is entirely consistent with the employee's reasonable expectations when he agreed to work subject to the conditions of employment.

The same reasons apply with equal force to appeal rights under the RIF regulations. A seasonal employee, who is placed in a nonduty, nonpay status in accordance with the conditions of his employment, is not entitled to RIF appeal rights. We agree with the presiding official that requiring agencies to comply with the RIF regulations in such a case would frustrate the intended flexibility of seasonal employment. *See also National Treasury Em-*

---

2. 1201.113 *Finality of decision.*
The initial decision of the presiding official shall become final 35 days after issuance.
(a) *Exceptions.* The initial decision shall not become final if any party files a petition for review or if the Board reopens the case on its own motion within 35 days after issuance of the decision.
(b) *Petition for review denied.* If the Board denies all petitions for review, the initial decision shall become final five days after the issuance of the last denial.
(c) *Petition for review granted or case reopened.* If the Board grants a petition for review or reopens a case, the decision of the Board shall be the final decision.

(d) *Extensions.* The Board may extend the 35 day time limit for filing a petition for good cause shown.
(e) *Exhaustion.* Administrative remedies are considered exhausted when a decision becomes final in accordance within this section.

3. In January 1983, the board invited responses from the petitioner to show good cause under subjection (d). Petitioner responded within a week. The board then took well over one year to issue its dismissal order despite at least two requests by petitioner for speedy disposition. These aggravating facts are not dispositive. They merely make the respondent's argument that much more unseemly.

*ployee's Union v. Devine,* 9 MSPB 448 (1982).

For the foregoing reasons, the board's decision on untimeliness is *reversed,* and the presiding official's initial decision is *affirmed.*

MODIFIED.

NIES, Circuit Judge, joins, except in reversing the board's decision on untimeliness.