47 F.3d 1182
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Nemesio M. AMARILLE, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 94-3571.
 United States Court of Appeals, Federal Circuit.
 Jan. 17, 1995.
Rehearing Denied Feb. 27, 1995.
 
 Before PLAGER, SCHALL, and BRYSON, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Nemesio M. Amarille petitions for review of the July 8, 1994 decision of the Merit Systems Protection Board (Board) dismissing for untimeliness his petition for review of an initial decision of an administrative judge. Amarille v. Office of Personnel Management, Docket No. SE-0831-94-0058-I-1. The initial decision affirmed the Office of Personnel Management's denial of an annuity to Mr. Amarille. We affirm.
 
 DISCUSSION
 
 2
 This court must affirm the Board's decision unless it is found to be 1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, 2) obtained without procedures required by law, rule or regulation having been followed, or 3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988).
 
 
 3
 The initial decision, issued on March 4, 1994, notified Mr. Amarille that the decision would become final on April 8, 1994, unless Mr. Amarille filed a petition for review by that date. Mr. Amarille filed a petition for review on April 11, 1994, three days after the specified deadline. In a notice dated April 28, 1994, the Board informed Mr. Amarille that his petition was untimely and, in accordance with 5 C.F.R. Sec. 1201.114(f) (1994), afforded him an opportunity to provide, within 30 days, an affidavit or statement demonstrating good cause for his untimeliness. Mr. Amarille failed to respond to this notice and, on July 8, 1994, the Board dismissed the petition for review as untimely.
 
 
 4
 The Board's regulations provide that an initial decision will become final unless a party files a petition for review within 35 days. 5 C.F.R. Sec. 1201.113(a) (1994). However, the Board may extend the 35-day time limit upon a showing of good cause. 5 C.F.R. Sec. 1201.113(d) (1994). The burden to show good cause is on the party seeking the extension; such a showing must be made in the form of a detailed affidavit or sworn statement, accompanied by supporting documentation or other evidence. 5 C.F.R. Sec. 1201.114(f) (1994). Absent a showing of good cause, the Board will not waive its timeliness requirements, regardless of how minimal the delay. Martinez v. Department of the Army, 60 M.S.P.R. 118, 120 (1993). Determinations of a petition's timeliness and extensions for good cause are matters left to the Board's discretion. Strickland v. Merit Sys. Protection Bd., 748 F.2d 681, 683 (1984).
 
 
 5
 Because Mr. Amarille failed to file timely a petition for review and failed to respond to the Board's request to show good cause, and because he has not provided this court with any explanation for his failure to respond to the Board's request to show good cause, we cannot say that the Board abused its discretion in dismissing his petition as untimely.