NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

2006-3218


ARTHUR D. MOBLEY,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

_____

DECIDED:   October 10, 2006

_____


Before BRYSON <u>Circuit Judge</u>, CLEVENGER, <u>Senior Circuit Judge</u>, and GAJARSA, <u>Circuit Judge</u>.

PER CURIAM.

Arthur D. Mobley petitions this court for review of the decision of the Merit Systems Protection Board (the "Board") dismissing his Board appeal based upon the doctrine of collateral estoppel.  <u>Mobley v. U.S. Postal Serv.</u>, Docket No. PH-0752-05-0551-I-1 (M.S.P.B. Nov. 1, 2005) ("<u>Initial Decision</u>"); <u>Mobley v. U.S. Postal Serv.</u>, 101 M.S.P.R. 200 (2006) ("<u>Final Order</u>").  We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).  For the reasons set forth in this opinion, we <u>affirm</u>.

I

Mobley's petition has its origins in events that occurred sixteen years ago and that have already been the subject of several Board proceedings and one opinion of this court. In September of 1990, the United States Postal Service issued Mobley a Notice of Proposed Adverse Action charging him with multiple incidents of sexual harassment and proposing to remove him from his employment. [RA at 83] The notice advised that Mobley would be able "to review the material relied on to support the reasons" for the proposed removal at the Postal Service's Labor Relations Office, and gave Mobley 10 calendar days in which to respond. [RA at 85] On October 24, 1990, the Postal Service issued its Letter of Decision terminating Mobley's employment. Mobley timely appealed his removal to the Board.

Less than a month later, however, the Postal Service notified Mobley that the Letter of Decision was being "rescinded," in order to afford Mobley "an additional opportunity to respond to the charges." [RA at 86] Mobley was retroactively reinstated to his original pay grade, but was not returned to his position of postmaster; instead, he was returned to administrative leave status. [RA at 86]

Following rescission of the removal, the Postal Service moved to dismiss Mobley's Board action as moot. On November 30, 1990, the administrative law judge issued an order to show cause why the appeal should not be dismissed as moot. Mobley, through counsel, argued that the agency's rescission of the removal order was little more than an attempt to "clean up" a removal that was plagued with significant irregularities. He also pointed out that the removal, "even if technically rescinded at present, is . . . nevertheless imminent," since the agency continued to actively pursue

the charges against Mobley, and that dismissing the pending appeal would simply require that another, essentially identical appeal be filed shortly thereafter. [RA at 89] Mobley did not argue that the agency's "rescission" was incomplete and therefore inadequate to moot the appeal. [RA at 87-90; RA at 82]

The administrative law judge dismissed Mobley's appeal as moot, noting that "the agency has furnished evidence that it restored the appellant to the status quo ante by canceling the removal action and retroactively restoring him to a pay status." Mobley v. U.S. Postal Serv., Docket No. DC7529110081 (M.S.P.B. Dec. 24, 1990). That decision became final on January 28, 1991. There is no indication in the record that Mobley filed a petition for review of the initial decision by the full Board or for review of the final order by this court.

Following dismissal of the initial Board appeal, the Postal Service proceeded with its removal action against Mobley. A second Letter of Decision was issued on February 20, 1991. [RA at 93] This time, the Postal Service elected to "exercise leniency" and reduced Mobley's penalty to demotion and reassignment to a non-supervisory position. [RA at 93] Mobley again appealed to the Board, which held a hearing on May 7, 1991. During that hearing, the parties reached an oral settlement agreement, which was subsequently reduced to writing and entered into the record. On May 28, 1991, the administrative law judge issued an initial decision dismissing Mobley's appeal as settled. The initial decision became final on July 2, 1991.

On October 24, 1991, however, Mobley filed a petition for enforcement of the settlement agreement. The administrative law judge denied the petition in an initial decision issued on January 30, 1992, and the full Board denied Mobley's petition for

review in an order dated May 8, 1992, rendering the initial decision final on that date. Mobley v. U.S. Postal Serv., 53 M.S.P.R. 680 (1992) (Table).

On July 7, 1992, Mobley filed a document styled "REQUEST AND MOTION FOR JOINDER OF THE APPEALS, TO REOPEN, RECONSIDER AND RESTATE APPEALS, AND TO SET ASIDE SETTLEMENT AGREEMENT." Mobley v. U.S. Postal Serv., 55 M.S.P.R. 467, 470 (1992). The Clerk of the Board notified him that, "to the extent that he was filing a petition for review of the removal and demotion appeals, his petition appeared to be untimely filed," and directed him to submit an affidavit showing either that the petition was timely or that good cause existed for the delay. Id. Mobley's affidavit asserted that the Postal Service obtained the settlement agreement of his demotion appeal by fraud, and that Mobley could not have known of the fraud until after the filing period for his petition had passed. Id. He therefore requested that the settlement agreement be set aside and both his appeals reinstated. Id.

The Board concluded that the petition for review was untimely as to both decisions and that Mobley had failed to demonstrate good cause for the untimeliness. Id. at 471-72. With respect to Mobley's original appeal, the Board held, the alleged fraud occurred more than four months after the decision became final, and therefore was irrelevant to that decision. As for the second appeal—the appeal that was dismissed after the settlement agreement was reached—Mobley argued that the Postal Service acted fraudulently by encouraging his former co-workers "to pursue actions against him in civil and criminal proceedings." Id. at 472. The Board rejected Mobley's position, pointing out that Mobley knew or should have known of the government's assistance to his former employees' state-court actions a full year before he filed his

petition for review. The Board concluded that in, light of that knowledge, Mobley could not demonstrate good cause for his untimely filing. Finally, the Board refused to set aside the settlement agreement, concluding that by its terms the agreement did not prevent agency personnel from assisting Mobley's accusers in their legal actions against him. Id. at 474. The Board therefore dismissed Mobley's petition as untimely. Mobley appealed to this court, which affirmed without opinion. Mobley v. U.S. Postal Serv., 6 F.3d 787 (Fed. Cir. 1993) (Table).

On August 3, 2005—fifteen years after the underlying events—Mobley filed another appeal to the Board challenging the original removal action. He argued that because the Postal Service's "rescission" of its original removal notice did not restore him to his postmaster position, it did not return him to the status quo ante, and therefore, under longstanding principles of law, was insufficient to moot his appeal. Initial Decision at 2. The administrative law judge dismissed the appeal in a brief opinion on the basis of collateral estoppel, holding that "[t]he issue of mootness was raised and decided in the 1990 appeal" and noting that the new appeal would be barred even if the "the prior decision was reached through an erroneous application of the law." Id. at 3. Mobley petitioned for review by the full Board, which denied review in a final order filed on February 6, 2005. Final Order at 2. Mobley then filed a petition for review in this court.

II

A

Our scope of review in an appeal from a Board decision is limited. This court must affirm the Board's decision unless it is: "(1) arbitrary, capricious, an abuse of

discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); see Walls v. Merit Sys. Prot. Bd., 29 F.3d 1578, 1581 (Fed. Cir. 1994). Questions involving "[t]imeliness of petition for review and extension for good cause are matters committed to the board's discretion." Strickland v. Merit Sys. Protection Bd., 748 F.2d 681, 683 (Fed. Cir. 1984). This court will disturb the Board's judgment about such questions only upon a showing that the Board has abused that discretion. Id.

B

The precise scope and nature of Mobley's assignments of error are unclear, but his submissions focus primarily upon two issues: whether the Board properly dismissed his initial appeal as moot, and whether the Postal Service's disciplinary actions violated Mobley's constitutional right to due process of law. For the reasons that follow, we affirm the Board's ruling.

The issue of mootness was expressly raised and considered by the Board in its 1990 proceeding. This court has recently noted that "[l]ike other tribunals, the Board may apply collateral estoppel where: (i) the issue previously adjudicated is identical with that now presented, (ii) that issue was actually litigated in the prior case, (iii) the previous determination of that issue was necessary to the end-decision then made, and (iv) the party precluded was fully represented in the prior action." Morgan v. Dep't of Energy, 424 F.3d 1271, 1274 (Fed. Cir. 2005) (citations omitted). There is no question that all four of these factors are present in Mobley's case, and Mobley does not seriously dispute that they are. He directs his argument, instead, to the merits of the

mootness issue, pointing out that he was "never returned to duty status" and thus not to the "status quo ante" necessary to render his appeal moot under numerous Board precedents. See, e.g., Henry v. U.S. Postal Serv., 100 M.S.P.R. 399, 402 (2005) (noting that "[a]n agency's unilateral modification of its adverse action after an appeal has been filed does not divest the Board of jurisdiction unless" the appellant is returned to the status quo ante); Harris v. Dep't of the Air Force, 96 M.S.P.R. 193, 196 (2004) (stating that "return to the status quo ante requires return, with back pay, to a position of the same grade, pay, status, and tenure as the one occupied before the agency's action").

Whatever the merits of Mobley's arguments on mootness, however, he makes them too late. The administrative law judge's initial decision mooting the case was appealable to the full Board, and the Board's final decision could have been appealed to this court. Mobley chose not to pursue either avenue of redress, and the time for doing so has long since passed.

The same is true of Mobley's constitutional due process arguments. Constitutional claims, like other claims, are subject to applicable time limitations. See, e.g., DuMarce v. Scarlett, 446 F.3d 1294 (Fed. Cir. 2006) (dismissing Fifth Amendment taking claim as untimely). Here, Mobley appears to argue that the actions of the Postal Service beginning in late 1990 violated due process because he was denied "a letter of charges," an opportunity to review the evidence, and an opportunity to respond. Even if Mobley's argument were supported by the evidence of record—and it is not—his opportunity to challenge the process afforded him in the years 1990-1992 expired with the applicable filing periods, all of which passed more than a decade ago. See, e.g.,

Cooper v. Marsh, 807 F.2d 988, 992 (Fed. Cir. 1986) (noting that a claimant's due process claim would be barred by the applicable statute of limitations).

As the Supreme Court noted long ago, "There must be an end of litigation some time." Corning v. Troy Iron & Nail Factory, 56 U.S. 451, 466 (1853). The time has come for this litigation, now sixteen years in the making, to come its overdue end.

III

We affirm the judgment of the Board. Each side shall bear its own costs.