# United States Court of Appeals
# for the Federal Circuit

---

**APPLE INC.,**
*Appellant*

**v.**

**QUALCOMM INCORPORATED,**
*Appellee*

---

2020-1561

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2018-01279.

-------------------------------------------------

**APPLE INC.,**
*Appellant*

**v.**

**QUALCOMM INCORPORATED,**
*Appellee*

---

2020-1642

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2018-01252.

————————————

Decided: April 7, 2021

————————————

LAUREN ANN DEGNAN, Fish & Richardson P.C., Washington, DC, argued for appellant. Also represented in 2020-1561 by ROBERT COURTNEY, Minneapolis, MN; OLIVER RICHARDS, San Diego, CA. Also represented in 2020-1642 by CHRISTOPHER DRYER, Washington, DC; NITIKA GUPTA FIORELLA, Wilmington, DE.

MICHAEL HAWES, Baker Botts, LLP, Houston, TX, argued for appellee. Also represented in 2020-1561 by BRIAN W. OAKS, PUNEET KOHLI, Austin, TX. Also represented in 2020-1642 by CHAD C. WALTERS, Dallas, TX.

————————————

Before MOORE, REYNA, and HUGHES, *Circuit Judges*.

MOORE, *Circuit Judge*.

Apple Inc. appeals an *inter partes* review final written decision of the Patent Trial and Appeal Board holding Apple did not prove claims 1–14 and 16–18 of U.S. Patent No. 7,844,037 would have been obvious. Apple also appeals another final written decision of the Board holding Apple did not prove claims 1–6 and 8–20 of U.S. Patent No. 8,683,362 would have been obvious. Because Apple lacks standing to maintain either appeal, we *dismiss*.

BACKGROUND

Qualcomm Inc. sued Apple in the United States District Court for the Southern District of California for infringing claims of the '037 patent and the '362 patent. Apple sought *inter partes* review of claims 1–14, 16–18, and

19–25 of the '037 patent and claims 1–6 and 8–20 of the '362 patent. The Board issued final written decisions holding Apple did not prove the challenged claims in either patent would have been obvious.[1] Before the filing of these appeals, Apple and Qualcomm settled all litigation between the two companies worldwide. Based on that settlement, the parties jointly moved to dismiss Qualcomm's district court action with prejudice, which the district court granted. J.A. 2928.[2] Apple, nevertheless, appeals the Board's final written decisions.

## DISCUSSION

"Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy" required by Article III. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). "[T]he irreducible constitutional minimum of standing" consists of "three elements." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). An appellant "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the [appellee], and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 136 S. Ct. at 1547 (citations omitted). To establish injury in fact, the alleged harm must be "'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan*, 504 U.S. at 560).

"Article III standing is not necessarily a requirement to appear before an administrative agency." *Consumer Watchdog v. Wis. Alumni Research Found.*, 753 F.3d 1258, 1261 (Fed. Cir. 2014) (citing *Sierra Club v. E.P.A.*, 292 F.3d

---

[1]    The Board did not institute on claims 19–25 of the '037 patent because Qualcomm statutorily disclaimed them. *See* 37 C.F.R. § 42.107(e).

[2]    Citations to briefs and the joint appendix refer to submissions in the *Apple Inc. v. Qualcomm Inc.*, 20-1642 appeal.

895, 899 (D.C. Cir. 2002)).  And the Patent Act permits any person "who is not the owner of the patent" to file a petition for *inter partes* review.  35 U.S.C. § 311(a).  While nearly any person may seek an *inter partes* review, an appellant must "supply the requisite proof of an injury in fact when it seeks review of an agency's final action in a federal court."  *Phigenix, Inc. v. Immunogen, Inc.*, 845 F.3d 1168, 1171–72 (Fed. Cir. 2017).  Indeed, the Supreme Court has recognized that not every party will have Article III standing to appeal a Board final written decision.  *See Cuozzo Speed Techs., LLC v. Lee*, 136 S. Ct. 2131, 2143–44 (2016) (Parties that initiate an *inter partes* review "need not have a concrete stake in the outcome; indeed, they may lack constitutional standing.").

I

As a preliminary matter, Qualcomm argues Apple waived any argument to establish its standing to file this appeal by failing to address, or submit evidence supporting, standing in its opening brief.  *See, e.g.*, Appellee Br. at 1–3.  In *Phigenix*, we held "an appellant must identify the relevant evidence demonstrating its standing 'at the first appropriate' time, whether in response to a motion to dismiss or in the opening brief."  845 F.3d at 1173 (quoting *Sierra Club*, 292 F.3d at 900).  Likewise, "if there is no record evidence to support standing, the appellant must produce such evidence at the appellate level at the earliest possible opportunity."  *Id.*  These rules prevent an appellee or respondent from having to "flail at the unknown in an attempt to prove the negative."  *Sierra Club*, 292 F.3d at 901.  Given the global settlement between the parties, Apple should have made its standing arguments and proffered its evidence in support of standing in its opening brief.

Our holding in *Phigenix* is not, however, an inflexible rule.  *See Am. Library Ass'n v. F.C.C.*, 401 F.3d 489, 493 (D.C. Cir. 2005).  We have consistently held that waiver is

a matter of discretion. *See, e.g.*, *Harris Corp. v. Ericsson Inc.*, 417 F.3d 1241, 1251 (Fed. Cir. 2005) ("An appellate court retains case-by-case discretion over whether to apply waiver."); *Becton Dickinson & Co. v. C.R. Bard, Inc.*, 922 F.2d 792, 800 (Fed. Cir. 1990) (waiver is "not governed by a rigid rule but may as a matter of discretion not be adhered to where circumstances indicate that it would result in basically unfair procedure"). "While there is no general rule for when we exercise our discretion to reach waived issues, we have done so where, among other factors, 'the issue has been fully briefed by the parties.'" *Ericsson Inc. v. TCL Commc'n Tech. Holdings Ltd.*, 955 F.3d 1317, 1322–23 (Fed. Cir. 2020) (quotation and citation omitted) (quoting *Automated Merch. Sys., Inc. v. Lee*, 782 F.3d 1376, 1379–80 (Fed. Cir. 2015)).

We exercise our discretion to reach the issue of standing because: (1) the issue of Apple's standing is fully briefed; (2) we see no prejudice to Qualcomm; and (3) the question of standing impacts these and other appeals. In both appeals, Qualcomm sought leave to file a sur-reply addressing Apple's evidence and arguments on standing. Qualcomm agreed that, if we grant its motions, it will not suffer any prejudice and that evaluating the evidence may resolve standing in other pending cases. *Apple Inc. v. Qualcomm Inc.*, Nos. 20-1561, 20-1642, Oral Arg. at 22:19–22:42, *available at* http://oralarguments.cafc.uscourts.gov/default.aspx?fl=20-1561_03032021.mp3. Accordingly, we grant Qualcomm's motions for leave to file a sur-reply and exercise our discretion to review Apple's arguments and evidence to establish standing. *See Ericsson*, 955 F.3d at 1323 (exercising discretion to reach waived issue that was fully briefed); *cf. Cmtys. Against Runway Expansion, Inc. v. F.A.A.*, 355 F.3d 678, 685 (D.C. Cir. 2004) (excusing belated submission of standing evidence and arguments because appellee would not be prejudiced).

II

As part of the global settlement between Apple and Qualcomm, the parties executed a six-year license agreement, which included a license to the patents at issue. Apple has characterized that license agreement as a "covenant-not-to-sue," at least with respect to the patents at issue. *See, e.g.,* Appellant's Reply Br. at 23. And in addition to the six-year license term, there is a possibility of a two-year extension. J.A. 2930. Because the parties executed the agreement in 2019, it will expire in either 2025 or 2027.

Apple argues it has standing to appeal the final written decisions of the Board based on three distinct circumstances: (1) its ongoing payment obligations that are a condition for certain rights in the license agreement;[3] (2) the threat that Apple will be sued for infringing the '037 patent and '362 patent after the expiration of the license agreement; and (3) the estoppel effects of 35 U.S.C. § 315 on future challenges to the validity of the '037 patent and '362 patent. We do not agree.

A

Relying upon *MedImmune, Inc. v. Genentech, Inc.*, 529 U.S. 118, 120 (2007), Apple argues it has standing based on its payment obligations under the license agreement. *See, e.g.*, Appellant Reply Br. at 20–22. According to Apple, *MedImmune* holds that its ongoing payment obligations as a condition for certain rights provides standing, irrespective of the other patents in the license agreement. Appellant's Reply Br. at 21. In Apple's view, a licensee's obligations to pay royalties for a license to 100,000 patents would provide standing to challenge the validity of any single licensed patent, even if the validity of any one patent

---

[3]    Apple describes these rights in paragraph 4 of a declaration it submitted with its replies. *See* J.A. 2930.

would not affect the licensee's payment obligations. Oral Arg. at 4:30–5:53. We do not read *MedImmune* so broadly.

*MedImmune* does not require us to find standing here. In *MedImmune*, Genentech asserted that the Cabilly II patent it licensed to Medimmune covered MedImmune's new product and demanded royalty payments under the license agreement. *Id.* at 121. Although MedImmune disagreed it owed royalties because the patent was invalid and did not cover its product, it paid under protest to avoid termination of the agreement and a patent infringement action. *Id.* at 121–22. MedImmune then sought a declaratory judgment that it did not owe any royalties because the sale of its product did not infringe any valid claim of the Cabilly II patent. *Id.* at 122–23. The Supreme Court observed there was no dispute that the standing requirements "would have been satisfied if petitioner had taken the final step of refusing to make royalty payments under the [] license agreement." *Id.* at 128. The Court held that MedImmune was not required to break or terminate the license agreement before seeking a declaratory judgment of noninfringement and invalidity. *Id.* at 137. Put simply, Medimmune was not required to cease its contract payments (opening itself to a patent suit, treble damages, attorneys' fees, and an injunction) in order to resolve its disputed contract rights (limiting the royalties to products that cover a valid patent).

Here, in contrast, Apple has not alleged that the validity of the patents at issue will affect its contract rights (i.e., its ongoing royalty obligations). This failure is fatal to establishing standing under the reasoning of *MedImmune,* whether we analyze Apple's evidence for injury in fact or redressability. Qualcomm asserts, and Apple does not contest, that the license agreement involves tens of thousands of patents. *See* Appellee's Sur-Reply Br. at 5. Apple nowhere argues or provides evidence that the validity of any single patent, including the '037 patent or '362 patent, would affect its ongoing payment obligations. Nor does

Apple identify any contractual dispute involving its ongoing royalty obligations (e.g., a disagreement over whether certain Apple product sales trigger additional royalty payments) that relates to, or could be resolved through a validity determination of, the patents at issue. Because the validity of the challenged patents would not impact Apple's ongoing payment obligations, the reasoning of *MedImmune* does not apply. Ultimately, Apple's assertions amount to little more than an expression of its displeasure with a license provision into which it voluntarily entered. Such allegations do not establish Article III standing. *Cf. In re Johnson & Johnson Talcum Powder Prod. Mktg., Sales Practices & Liab. Litig.*, 903 F.3d 278, 281 (3d Cir. 2018) ("[B]uyer's remorse, without more, is not a cognizable injury under Article III of the United States Constitution."). Thus, Apple has failed to establish standing based on its ongoing payment obligations.[4]

B

Apple next argues it has standing based on the possibility that Qualcomm may sue Apple for infringing the '037 patent or '362 patent after the license expires. *See e.g.*, Appellant Reply Br. at 25–26. But this possibility of suit is too speculative to confer standing. Apple provides no evidence that it intends to engage in any activity that may give rise to an infringement suit of the '037 patent or '362 patent when the license expires. Neither of the

---

[4]    Relatedly, Apple argues the cancellation of the '362 patent would redress its ongoing payment obligations because it would remove a significant barrier. Appellant's Reply Br. at 22. However, Apple fails to explain why the '362 patent creates a significant barrier, and we see no evidence that the cancellation of the '362 patent is *likely* to affect Apple's ongoing payment obligations. *Lujan*, 504 U.S. at 561.

declarations[5] Apple submitted as evidence of standing even mention the patents at issue.  *See* J.A. 2930–31.  Nor do they set forth any plans to engage in conduct after the expiration of the license agreement that might lead to an infringement suit.  For example, Apple has not provided any evidence that it has plans to make, use, offer to sell, or sell any of the products, or features thereof, accused of infringement in the district court, such as the iPhone 4, 5, 6, and 7. *See, e.g.*, J.A. 2904, 2920.  In fact, Apple offers the sparsest of declarations in support of standing, which are devoid of any of the specificity necessary to establish an injury in fact.  Without more, we are left to speculate about what activity Apple may engage in after the expiration of the license agreement that would give rise to a potential suit from Qualcomm.  This is insufficient to show injury in fact. *Lujan*, 504 U.S. at 560 (harm must be "actual or imminent, not conjectural or hypothetical" (citation omitted)); *see also JTEKT Corp. v. GKN Auto. Ltd.*, 898 F.3d 1217, 1221 (Fed. Cir. 2018) (holding appellant lacked standing because it had not established that it had "concrete plans for future activity that creates a substantial risk of future infringement").

To cure the deficiencies in its evidence, Apple suggested we could take judicial notice that Apple sells and will continue to sell its smart phone products.  Oral Arg. at 33:45–34:19.  A court may take judicial notice of a fact only when it is either "generally known" or "accurately and readily [discernible] from sources whose accuracy cannot reasonably be questioned."  FED. R. EVID. 201(b); *see B.V.D. Licensing Corp. v. Body Action Design, Inc.*, 846 F.2d 727, 728 (Fed. Cir. 1988) ("Courts may take judicial notice of facts of universal notoriety, which need not be proved, and of whatever is generally known within their jurisdictions.")

---

[5]    Apple submitted identical declarations as evidence of standing in both appeals.

What products and product features Apple may be selling at the expiration of the license agreement years from now are not the kind of undisputed facts we may take judicial notice of because they may be reasonably questioned. *See, e.g.*, *In re Kahn*, 441 F.3d 977, 990 (Fed. Cir. 2006) (declining to take judicial notice of a "long-felt but unresolved need for a device that will help the blind read"). We are not fortune-tellers. Accordingly, we must decline Apple's invitation to take judicial notice.

Apple also argues Qualcomm's previous suit for infringement of the '037 patent and '362 patent provides standing, citing *Grit Energy Sols., LLC v. Oren Techs., LLC*, 957 F.3d 1309, 1320 (Fed. Cir. 2020). *See, e.g.*, Appellant Reply Br. at 23. But *Grit Energy* involved a dismissal *without* prejudice, unlike the dismissal with prejudice here. *See* J.A. 2928.

Lastly, Apple argues Qualcomm's refusal to grant Apple an irrevocable license or other permanent rights in the '037 patent or '362 patent and Qualcomm's history of asserting patents against Apple after certain royalty agreements expired provide standing. *See, e.g.*, Appellant Reply Br. at 24. Apple relies on these facts to speculate a future infringement suit might occur. But that is not enough. "The lack of any evidence that the defendants believe or plan to assert that the plaintiff's product infringes their patents creates a high barrier to proving that the plaintiff faces an imminent risk of injury." *Prasco LLC v. Medicis Pharm. Corp.* 537 F.3d 1329, 1340 (Fed. Cir. 2008); *see also Lujan*, 504 U.S. at 561. At best, Apple's allegations are speculation and conjecture about Qualcomm's proclivity to assert its patent rights generally. But they are devoid of the specificity necessary to show that Qualcomm is likely to assert these particular patents against any particular products which would be sold after the license agreement expires in 2025 or 2027. As such, Apple has failed to show an injury in fact based on potential future allegations that its products infringe the '037 patent or the '362 patent.

C

Finally, Apple argues that its injury is compounded by the likelihood that 35 U.S.C. § 315(e) would estop it from arguing that the '037 patent and '362 patent would have been obvious in future disputes. *See, e.g.*, Appellant Reply Br. at 24–25. To the extent Apple argues this provides an independent basis for standing, we do not agree. "We have already rejected invocation of the estoppel provision as a sufficient basis for standing." *AVX Corp. v. Presidio Components, Inc.*, 923 F.3d 1357, 1362–63 (Fed. Cir. 2019) (citing *Phigenix*, 845 F.3d at 1175–76). Apple's harm is particularly suspect because it has failed to show it will likely be engaging in activities that could give rise to a potential suit based on the '037 and '362 patents after the expiration of the license agreement. *See Gen. Elec. Co. v. United Techs. Corp.*, 928 F.3d 1349, 1355 (Fed. Cir. 2019) ("Where, as here, the appellant does not currently practice the patent claims and the injury is speculative, we have held that the estoppel provision does not amount to an injury in fact."). Thus, the harm Apple may face from estoppel is insufficient to provide standing.

CONCLUSION

Because we hold Apple has failed to establish standing, we *dismiss*.

**DISMISSED**

COSTS

Costs to Qualcomm.