NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ALBERTO SOLAR SOMOHANO,**
*Appellant*

**WHO,**
*Applicant*

**v.**

**THE COCA-COLA COMPANY,**
*Appellee*

**UNITED STATES,**
*Intervenor*

---

2019-2414

---

Appeal from the United States Patent and Trademark Office, Trademark Trial and Appeal Board in Nos. 91224621, 91224653.

---

Decided:  September 16, 2021

---

ALBERTO SOLAR SOMOHANO, Miami, FL, pro se.

JOHN C. RAWLS, Baker Williams Matthiesen LLP, Houston, TX, for appellee.  Also represented by SARAH ANNE

SILBERT.

JENNIFER UTRECHT, Appellate Staff, Civil Division, United States Department of Justice, Washington, DC, for intervenor.  Also represented by BRIAN M. BOYNTON, SCOTT R. MCINTOSH, MELISSA N. PATTERSON; THOMAS L. CASAGRANDE, SARAH E. CRAVEN, CHRISTINA J. HIEBER, THOMAS W. KRAUSE, FARHEENA YASMEEN RASHEED, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA.

––––––––––––––

Before REYNA, HUGHES, and STOLL, *Circuit Judges*.

REYNA, *Circuit Judge*.

On October 29, 2015, Appellee The Coca-Cola Company filed a Notice of Opposition in the Trademark Trial and Appeal Board, opposing an application by Appellant Alberto Solar Somohano and co-applicant WHO to register the trademark "COLA DE COKI" on the Principal Register. J.A. 49–60; U.S. Trademark Appl. Serial No. 86/633,923. On July 10, 2019, the Board dismissed the Opposition after noting that Appellant's application was abandoned and that the deadline to revive the application had expired. *The Coca-Cola Co. v. WHO & Alberto Somohano-Soler*, Opp. No. 91224621, 2019 WL 3061382, at \*1 (T.T.A.B. July 10, 2019) [J.A. 1].  Appellants challenge the dismissal.

To establish Article III standing to bring an appeal, the appellant has the burden of showing that he has "suffered an injury in fact that has a nexus to the challenged conduct and that can be ameliorated by the court." *Gen. Elec. Co. v. United Techs. Corp.*, 928 F.3d 1349, 1353 (Fed. Cir. 2019).  Consequently, "[a] party that is not adversely affected by a judgment lacks standing to appeal." *TypeRight Keyboard Corp. v. Microsoft Corp.*, 374 F.3d 1151, 1156 (Fed. Cir. 2004) (collecting cases).  Where an appellant

lacks standing, it follows that we lack jurisdiction to decide the appeal. *Id.*

Appellant fails to establish standing to appeal. The Board's dismissal of Coca-Cola's Opposition did not adversely affect Appellant. "[A] party cannot appeal from a decree in his own favor." *Corning v. Troy Iron & Nail Factory*, 56 U.S. 451, 463 (1853). Because dismissal was in Appellant's favor, Appellant lacks standing to appeal, and we lack jurisdiction. This appeal is dismissed.

## DISMISSED

### COSTS

No costs.